Norton *v.* Sinkhorn.

RICHARD D. NORTON

*v.*

JOHN SINKHORN et al.

[Filed April 6th, 1901.]

1. No personal judgment or decree will be made in a suit under the act of March 30th, 1892 (*Gen. Stat. p. 2078*), to secure payment to laborers, &c., engaged in the performance of work, &c., upon any public improvement in municipalities of this state.

2. The procedure under that statute is limited solely to ascertaining the rights of the parties in the lien thereby created on the contract price, and ordering payment therefrom accordingly, and is in the nature of a proceeding *in rem.*

3. The court of chancery has no jurisdiction of a purely legal claim for the payment of unliquidated damages.

4. An answer and cross-bill filed in a suit in this court under the above-named statute, setting up such a claim for unliquidated damages, will be stricken out as seeking to introduce matter not within the jurisdiction of this court.

On bill, answer and cross-bill, and motion to strike out parts of answers and cross-bill.

*Mr. Linton Satterthwait,* for the complainant.

*Mr. Edwin Robert Walker,* for the defendants.

GREY, V. C. (orally).

This bill is filed by Richard D. Norton (a subcontractor, who undertook to deliver stone on a road being built under the Road Improvement law, in the county of Mercer) against John Sinkhorn and Charles B. Walton, partners, &c., contractors with that county for the building of the road.

The bill is filed under the act of March 30th, 1892 (*Gen. Stat. p. 2078*), to secure payment to laborers and others employed upon and furnishing material in the performance of any work or public improvement in cities, counties or municipalities of this state. The complainant seeks to impound the money due from the county on the contract, and to have a decree that a portion of it be applied to satisfy his claim for hauling done on the road on his subcontract with Sinkhorn. Sinkhorn answers, and sets up, as part of his answer, an allegation that Norton, in doing the work for which he claims to hold the fund, so delayed his performance that Sinkhorn was subjected to considerable loss in completing the work. Part of the damage was demurrage which Sinkhorn was obliged to pay the Pennsylvania Railroad Company, in order to obtain delivery of the stone which Norton had agreed to cart. There are two suits—one upon the Windsor and the other upon the Edinburg road.

In one of these suits Sinkhorn files not only his answer, setting up the defences adverted to, but also a cross-bill, claiming that the amount of loss to him, by reason of the non-performance on the part of Norton, was such that he was obliged to pay a greater sum than, on that contract, is coming due to Norton, and for that greater sum he prayed, by way of cross-bill relief, a decree, affirmative in its nature, against Norton.

Norton now comes into court, the record being in that condition, and moves, under rule 213, to strike out from these answers so much of them as sets up the defence mentioned,

and also the whole of the cross-bill which seeks affirmative relief against him.

The statute under which this bill is filed has been passed upon in the case of *Delafield* v. *Sayre, 31 Vr. 449,* by the court of errors. That court declared that the act contained no provision for a personal judgment against the contractor as a debtor, and in this followed the New York interpretation of the same statute, which was enacted in that state before it was passed here. *Snyd. Anno. Mech. Lien. L. 146; Scerbo* v. *Smith, 16 Misc. (N. Y.) 102.* In the case of *Garrison* v. *Borio, 47 Atl. Rep. 1063,* in this court, the same course was taken, in accordance with the declaration of the court of errors. There are some phrasings of the statute which, to some extent, imply that under it, there may be an order for a personal judgment. Section 70 provides that the plaintiff must make all parties who have filed claims parties defendant, and that, as to all parties against whom *no personal claim is made,* the plaintiff may, with the summons, serve a notice, &c., stating briefly the object of the action, and that *no personal* claim is made, and that all parties who have filed claims under the act may, by answer in such action, set forth the same, and the court in which the action is brought may decide as to the extent, justice and priority of the claims of all parties to the action.

The next section (71) provides that the court in which the action is brought shall determine the amount due from the debtor to the contractor and from the contractor *to the respective claimants,* and, at nearly the end of the section, it provides that the judgment rendered under this act may be endorsed by execution.

If the proceeding is one wholly *in rem* against a fund already in the municipal treasury, and to determine only what disposition shall be made of that fund, there seems to be but little reason that the summons should give notice that a personal claim is made against the defendant, or that there should be any provision for a judgment enforceable by execution, because if the fund only is the subject-matter of the jurisdiction, and the suit is only to fix the mode in which that is to be distributed, there is no occasion whatever for an execution. The

court of errors noted the discrepancies which are indicated upon the face of the statute, and which have, in part, been occasioned by a too close following of the New York act by the draftsman of the New Jersey act. It may be true that the declaration by the court of errors, in the case of *Delafield* v. *Sayre,* that the statute did not provide for a personal judgment against the contractor as a debtor, was *obiter dictum,* yet it is an interpretation of a doubtful statute by the highest judicial authority by unanimous vote. It has established a mode of procedure under the statute, and has been followed in enforcing its provisions. I am quite unwilling, in this court, to consider the matter as still unsettled. The cross-bill is wholly dependent for its support upon an interpretation of the statute that there may be in this proceeding a personal decree against the sub-contractor for the balance due from him. As above shown, this construction cannot be maintained. The cross-bill should be stricken out.

The question remains whether the portions of the answers which set up a claim against the complainant for damages suffered by Sinkhorn, by reason of the complainant's partial failure to perform his contract, should be stricken out. This relief can be granted only upon a showing that the matter challenged might have been successfully excepted to under the old form of procedure. *Doane & Co.* v. *Essex Building Co., 14 Dick. Ch. Rep. 142; Brill* v. *Riddle Co., 47 Atl. Rep. 223.*

It appears that this claim stands, to a considerable extent, if not wholly, upon a sum paid, by way of demurrage, by Sinkhorn to the railroad company. Sinkhorn claims that the delay in removal of material was occasioned by Norton's neglect to cart it away from the railroad station according to his contract. It does not appear that there was any definite contract by Norton, whereby the sum of damages, which might result to Sinkhorn by reason of the delay, was in any way liquidated. Nor does it appear that Norton was obliged to recognize the definite arrangement for the same, by way of demurrage, contained in any contract for carriage of material between the railroad company and Sinkhorn. Norton is not claimed to have been a party to that contract. If Sinkhorn suffered a damage because

Norton failed to remove the material from the railroad station, that is a matter which is yet to be adjusted—first, in the establishment of the obligation of Norton to pay for losses suffered because of the delay, and secondly, by the establishment of the amount which Norton ought to pay. It is a legal claim for an unliquidated sum of damages made by Sinkhorn against Norton. No equitable element appears in the transaction set up in the pleading. The face of the pleadings, therefore, shows that there is a seeking, in this court, to set up a claim for unliquidated damages, by way of answer, in reduction of the complainant's demand in this suit.

It is quite well established that this court cannot entertain a claim for the recovery of unliquidated damages. The court of appeals, in *Trotter* v. *Heckscher, 13 Stew. Eq. 656,* and in *Alpaugh* v. *Wood, 18 Stew. Eq. 153,* has so declared in cases which, in their facts, somewhat resemble this case. In each of those cases, as in this, the damages presented were alleged to have been suffered by reason of breaches of the contracts, on which the complainant founded his suit. The declaration of the court of appeals was "a purely legal demand for unliquidated damages is not cognizable in a court of equity." *Alpaugh* v. *Wood, 18 Stew. Eq. 157.*

Counsel for the defendant Sinkhorn also contends that if it be held that this court cannot entertain jurisdiction of these unliquidated damages which he desires to present, on general principles, yet he insists that the court may consider the question under the special authority conferred by the provisions of this act, and particularly section 70, which declares that the court shall decide as to the extent, justice and priority of the claims of all parties.

The statute cannot be construed to confer such jurisdiction. If it be correctly held that the statute contemplates a proceeding solely for the purpose of ascertaining what payments should be made out of a contract-price, constituting a fund, and that no personal judgment can be awarded, as I have already declared, then the provision by which the court is authorized to decide, as to the extent, justice and priority of claims, applies only to the court's action in relation to the subject-matter under

the jurisdiction of the court, which is the claims of the parties upon the contract-price to be paid out to him. No claims can be entertained for anything else than to establish or refute the right to share in the division of that money.

The portions of the answers which set up the claim for un-- liquidated damages must be stricken out as impertinent, because those portions seek to introduce matter not germane to the pending controversy, and not cognizable in this court.

I will advise an order that the portions of the pleadings specified should be stricken out. The complainant is entitled to costs.