WALTER WOOD, surviving partner, trading as R. D. Wood & Company,

*v.*

THE CITY OF OCEAN CITY et al.

[Submitted November 3d, 1915. Determined November 26th, 1915.]

1. When damages are to be ascertained by the breach of a single stipulation and are uncertain in amount and not readily susceptible of proof under the rules of evidence, then if the parties have agreed upon a sum as the measure of compensation for the breach, and that sum is not disproportionate to the presumable loss, it may be recovered as liquidated damages.

2. In a suit to enforce a materialman's lien on the amount due from a city under a contract for the construction of a sewer system, consisting of the laying of sewer mains and other work connected therewith, and the contract provided for the payment by the contractor to the city of $10 a day as liquidated damages for delay in completion of the work, it could not be assumed without evidence that no damages were suffered by the city from a delay of seventy-two days in completing the contract, or that the damages suffered were certain in amount or readily susceptible of proof, or that $10 a day was disproportionate to the presumable loss; the presumptions being to the contrary.

3. The Municipal Liens act (*3 Comp. Stat. 1910 p. 3315*) provides that mechanics or traders who, under any contract for any public improvement with any municipality, shall perform any labor or furnish any material towards its performance, shall have a lien therefor upon the moneys due or to grow due under the contract.—*Held*, that, where a municipality was entitled to charge against the contractor liquidated damages for delay in completion of the contract provided for in the contract, the lien of a materialman attached only to the balance remaining due to the contractor after deducting such damages.

———

On final hearing. On bill for enforcement of lien under Municipal Liens act.

*Mr. Herbert C. Bartlett,* for the complainant.

*Mr. Andrew C. Boswell,* for the defendant city of Ocean City.

LEAMING, V. C.

The single question here presented is whether, as against a materialman who has filed a claim of lien under our Municipal Liens act (*3 Comp. Stat. p. 3315*), a municipality can charge against the contract price a certain per diem amount which has been agreed upon in the original contract as liquidated damages to the municipality for failure of the contractor to complete the work within a specified time.

By the terms of the contract between the municipality and its contractor the contractor was to construct for the municipality a certain sewer system for a given price and to complete the work on or before a specified day. The contract also provided that the contractor was to pay to the municipality the sum of $10 per day as liquidated and ascertained damages for each and every day's delay that the work should remain unfinished after

the specified date. The contractor finished the work seventy-two days after the day specified for that purpose, and the municipality now claims the right to charge $720 against the amount that would have been due the contractor had the work been finished on time.

The bill is filed by a materialman pursuant to the provisions of our Municipal Liens act, the municipality and the contractor having been made defendants, and the only present controversy is whether the charge which the city has made against the contractor as liquidated damages can be sustained as against the lien of the materialman, which lien is asserted against the balance which would have been due the contractor had the work been finished at the time specified for that purpose.

The rule laid down by our court of errors and appeals in *Monmouth Park Association* v. *Wallis Iron Works, 55 N. J. Law 132, 141,* in relation to contractual stipulations for liquidated damages, is that when damages are to be ascertained by the breach of a single stipulation, and they are uncertain in amount and not readily susceptible of proof under the rules of evidence, then, if the parties have agreed upon a sum as the measure of compensation for the breach, and that sum is not disproportionate to the presumable loss, it may be recovered as liquidated damages.

In this case no testimony has been introduced to ascertain what damages, if any, the municipality may have suffered by the delay of its contractor or to determine whether any such damages were susceptible of proof. The bill avers that the contract was for the construction of a "a sewer system consisting of the laying of sewer mains and other work connected therewith," and that averment is admitted by the answer; the clause of the contract touching liquidated damages and the period of delay of the contractor in finishing the work is also admitted. In these circumstances it is clearly impossible for this court to assume either that no damages were suffered by the city by reason of the delay or that any damages suffered were of a nature to be certain in amount or readily susceptible of proof or that $10 per day was disproportionate to the presumable loss. The presumptions are to the contrary. It is, indeed, difficult to

conceive a contract in which damages caused by delay in completion would be more uncertain in amount or less susceptible of proof than a sewer construction contract for a municipality; and $10 per day for delay as an estimated and agreed amount cannot be said to be disproportionate to the reasonably presumable loss.

If, then, the municipality is entitled to charge the amount against the contractor, it necessarily follows that the lien of a materialman can attach only to the balance remaining due from the municipality to the contractor.

I am unable to regard *McKee* v. *Rapp, 35 N. Y. Supp. 175,* as an authority militating against the views above expressed. In that case the completion of a school house was delayed but a few days, and the circumstances of the case reasonably disclosed that no damages had resulted in consequence. In the present case, it is impossible to conclude that no fair presumption of actual damage exists.

I will advise a decree sustaining the lien of complainant for the balance of the amount due from the municipality to the contractor after charging against the contractor the amount stipulated in the contract as liquidated damages for the contractor's delay in completion.