This bill was filed by a subcontractor or material man to enforce a municipal mechanics' lien under the provisions of the Municipal Mechanics' Lien law, Revision of 1918. 1 Cum. Supp.Comp. Stat. p. 1859 §§ 126, 151 et seq. The municipality is a party and the general contractor is likewise a party. The general contractor claims that the amount due as admitted by the municipality is not the true amount due and desires that the amount actually due be determined by the court. The settlement of the question as to the amount actually due will require a determination as to whether the final certificate of the engineer allowed the contractor as much money as he should have been allowed under the contract, the claim being that more stone was delivered by the contractor than was shown on the final estimate and that more oil was placed on the road. There is also involved the question whether the contractor should be charged with liquidated damages which are claimed by the municipality for failure to finish the work within the time incorporated in the contract.
The question of the jurisdiction of the court to settle these matters between the contractor and the municipality has arisen. No jury trial has been demanded in the pleadings as required by the Chancery act of 1915, and it was not made to appear, as required by section 9 of the Lien act, that any party had a valid defense at law which could not be set up in equity.
I do not agree that in no case has the court of chancery jurisdiction in these municipal lien suits to determine the amount due from the municipality to the contractor even if the adjudication requires a settlement of wholly unliquidated damages. A comparison of the Municipal Lien act of 1892 (3 Comp.Stat. p. 3315) with the Revision of 1918 *Page 644 
(1 Comp. Stat. p. 1859 §§ 126, 151 et seq.) is of some importance. In the original act of 1892, by section 6 (3 Comp.Stat., arbitrary section 41), it was provided that suits to determine or terminate the lien might be commenced by the contractor, or said city, town or township, or other municipality in any court of competent jurisdiction. Under this statute it was held that such suits must be instituted in the court of chancery (Delafield Construction Co. v. Sayre, Court of Errorsand Appeals, 60 N.J. Law 449), the reason being that the proceedings contemplated by the statute were unknown to the common law, but fell under a class of cases over which the jurisdiction of chancery extended, i.e.:
"Those cases in which the relief is not a general pecuniary judgment, but is a decree for money to be obtained and paid out of some particular fund or funds. * * * They assume that the creditor has, either by operation of law or from contract, or from some acts or omissions of the debtor, a lien charge or encumbrance upon some fund or funds belonging to the latter, either land, chattels, things in action, or even money; and the form of the remedy requires that this lien or charge should be established and then enforced, and the amount due obtained by a sale, total or partial, of the fund, or by a sequestration of its rents, profits and proceeds. * * * There is also another species of pecuniary remedies, closely analogous to the last, and differing from it only in the additional element of a distribution of the final pecuniary awards among two or more parties having claims either upon one common fund or upon several funds. The final relief in all these cases is simply pecuniary; the amounts to which the different parties are entitled are ascertained, and are obtained by a distribution of the fund or funds upon which they are chargeable." 1 Pom. Eq. Jur. 95. See page 451 of 60 New Jersey Law.
By section 6 (arbitrary section 41 — 3 Comp. Stat. p. 3319) it was provided that:
"If in any such action the contractor, or other party defendant, at any time prior to final hearing shall file anaffidavit setting forth any matter or thing which would be avalid defense at law on his *Page 645 behalf to any suit wherein the said claimant was plaintiff, butwhich matter or thing cannot be set up in defense in suchaction, all further proceedings in such action shall thereupon be stayed until the determination of the said matters or things so set out in such affidavit by a court of law, and, unless the said claimant shall institute a suit at law within thirty days thereafter for the recovery of the amount of the said claim, his bill shall be dismissed with costs. * * *"
By section 8 (arbitrary section 43 — 3 Comp. Stat. p. 3321) it was provided:
"That the court in which the action is brought shall determine the validity of the lien, the amount due from the debtor to the contractor under his contract, and from the contractor to the respective claimants, and shall render judgment, * * *."
Under this statute as it existed in 1892, both this court and the court of errors and appeals in Norton v. Sinkhorn (in this court, 61 N.J. Eq. 508; in the court of errors and appeals, 63 N.J. Eq. 313), held that, in a suit brought by a subcontractor to enforce a lien, the contractor could not have determined in equity a claim which he made that the subcontractor so delayed performance that the contractor suffered considerable loss in completing the work, both courts relying upon Trotter
v. Heckscher, 40 N.J. Eq. 612, and Alpaugh v. Wood, 45 N.J. Eq. 153,
both of which cases involved recoupment. In Norton v.Sinkhorn the court of chancery (61 N.J. Eq. 508) struck out the claim for recoupment. The court of errors and appeals, however (63 N.J. Eq. 313), held that the fund should be "retained in the court of chancery, and the case allowed to stand over until the defendants shall have their damages arising from the breach of contract by the complainant set out in the answer assessed in a court of law, within such time and in such manner as the court of chancery may direct."
In all of these cases, the claim was in the nature of a recoupment, whereas in the instant case the claim is not, it seems to me, in the nature of a recoupment, but goes to the question as to whether there has been allowed by the municipality the amount actually due upon the contract, and the claim of the municipality is for liquidated damages for failure to complete within the time stated in the contract. *Page 646 
While the amount due from the municipality is not settled, the fact that it is not does not arise, as it did in Norton v.Sinkhorn, because of any claim against the subcontractor that he had delayed the performance of the work, causing the contractor uncertain loss. Here the claim is that the amount due upon the contract has not been properly computed by the municipality, and the claim of the municipality is not for unliquidated, but for liquidated damages, or to put it otherwise, for a reduction of the contract price by the amount stipulated in the contract to be deducted in case of failure to perform within a certain period of time.
In United States Fidelity and Guaranty Co. v. City ofNewark, 72 N.J. Eq. 841, the general contractor filed a cross-bill against the city of Newark, seeking to charge the city of Newark with a large amount of work as extra work in addition to that provided for in the original contract, and asking for affirmative relief against the city of Newark. It appeared that it was conceded by Newark that it owed sufficient to satisfy the liens involved in the proceeding before the court. Vice-Chancellor Howell, in striking out the cross-bill, said (72 N.J. Eq. 841 — at p. 847):
"In this case the cross-bill is not intended for any such purpose. To say that the city of Newark owes more than enough money to pay the liens described in the bill is no defense to the original suit. Such an allegation in a cross-bill does not aid in elucidating the problems raised by the original bill. The admission or claim in the cross-bill that the city owes more than enough to pay the alleged liens shows this in the most conclusive manner. In effect, the cross-complainant comes into court saying there is money enough in the city treasury to pay all these so-called liens if they shall be established as such, and, according to our calculation, much more than enough, but we desire that the court shall go beyond the purview of the original suit and ascertain for us the amount of this excess and try out all the difficult questions which are raised by the cross-bill in connection therewith, and ascertain for us the amount of this excess, and give us a decree and execution therefor. In other words, the *Page 647 
cross-complainant comes into court asking for a decree inpersonam in a statutory suit which provides only for a remedyin rem."
Chief-Justice Depue, in Norton v. Sinkhorn, 63 N.J. Eq.313 (at p. 318) had said:
"The questions raised in this case are controlled by this statute. Where the amount due to the contractor is undisputed, the sole questions for adjudication is the amount due to the lien claimants, respectively, from the contractor. When that has been ascertained, then the function of the court is to apportion the amount due the contractor among the lien claimants in the proper proportion, provided the fund under the control of the court is sufficient to answer that purpose; if not sufficient, then prorata until the fund in hand is exhausted. At this stage the jurisdiction of the court under the statute ends. No personal judgment either for or against a lien claimant can be given; nor does the statute provide for a judgment against a municipality in case the amount due to the contractor exceeds the sums due to the lien claimants."
He does not say what would happen if the amount due the contractor by the municipality be disputed and if, to settle that dispute, it requires a determination by the court of chancery of matters ordinarily determinable only at law.
But Justice Dixon had said in Delafield Construction Co. v.Sayre, 60 N.J. Law 449 (at p. 450), speaking for the court of errors and appeals, that the court of chancery "is to determine * * * the amount due to the contractor for the municipality." Of course it must have determined the amount due from the municipality to the contractor unless there was no dispute with respect to the amount due, or unless it was conceded that the amount due exceeded the amount of the liens, as was the case inUnited States Fidelity and Guaranty Co. v. Newark, 72 N.J. Eq. 841.
The concession made that, under the act of 1892 this court would have been obliged, in a case similar to that here present, to stay the proceedings here until the amount due from the municipality to the contractor had been settled at law, is unwarranted. No decision under the act of 1892 meets the precise situation now *Page 648 
here, nor do the decisions of the court of errors and appeals inTrotter v. Heckscher, supra, and Alpaugh v. Wood, supra, which are said to be analogous cases, control.
It is going entirely too far to say that a court of chancery may not determine, in the course of litigation properly before it, matters which can only be determined in a court of law ordinarily.
Vice-Chancellor Howell in Metropolitan Life Insurance Co. v.Hamilton, 70 Atl. Rep. 677, not officially reported, held that a bill in the nature of a bill of interpleader would lie and that the insurance company might ask the court of chancery to determine the amount due upon the policy, the claim of the insurance company being that the amount due should be adjusted because of an error in the statement by the insured of his age. He relied upon the opinion of Chancellor Magie in Carter v.Cryer et al., 68 N.J. Eq. 24, in which case the chancellor held that a bill in the nature of a bill of interpleader might be maintained by a person who had possession of a chattel claimed by more than one, upon which chattel the complainant insisted he had a claim for storage. In Wood v. Ocean City (1915), 85 N.J. Eq. 328,
prior to the Revision of 1918, Vice-Chancellor Leaming determined in equity the amount due from the municipality to thecontractor, charging against the contractor liquidated damages for delay. He did not send the issue to a court of law.
The legislature in 1918 revised the Municipal Lien act. 1 Cum.Supp. Comp. Stat. pp. 1911, 1924 §§ 126, 136 et seq.
The statute now provides, section 5 (arbitrary sections 126, 155), that the lien shall attach to the extent of the liability of the contractor or subcontractor, as the case may be, for the claim preferred upon any funds which may be due or to grow due to the said contractor from the municipality under the contract under which the lien is filed.
It provides, section 8 (arbitrary sections 126, 158), for the institution of a suit in the court of chancery to determine or terminate the lien "by the contractor, the subcontractor or the municipality." It also provides, section 10 (arbitrary sections 126, 160), that: *Page 649 
"The court of chancery shall determine the validity of the lien of the complainants and defendants and of all other liens which may be filed within the time prescribed by this act and theamount due from the municipality to the contractor under thecontract, and from the contractor or subcontractor to the respective claimants, and shall make a decree directing the municipality, out of the moneys due from it to the contractor, to pay over to the several claimants the sums found due to them, respectively, with interest and costs upon claims adjudged to be just and valid under this act * * *."
However, it does not provide that the court of chancery shall make a decree that any amount due from the municipality to the contractor, over and above the amount necessary to pay liens, shall be paid to the contractor. In other words, it does not permit a personal judgment by the contractor against the municipality.
With respect to the right of a party to a trial at law, the statute now provides, section 9 (arbitrary sections 126, 159):
"If at any time pending such suit it shall be made to appear to the court by the contractor, the subcontractor, municipality or other party defendant, that any such party has a valid defense at law to any suit wherein any of the claimants was plaintiff, but which cannot be set up in defense in a court of equity, the court shall, if it be necessary for the administration ofjustice in the premises, stay further proceedings in the suit until the determination of such matters or things by a court of law, either on a feigned issue or by action at law."
It will be observed that the court now is not required to stay proceedings unless "it be necessary for the administration of justice in the premises." There must be now taken into consideration, in determining the jurisdiction of the court and its power to settle any legal matter in any cause over which it has control, the provisions of the new Chancery act, adopted in 1915, section 8 (arbitrary sections 33, 121 — 1 Cum. Supp. Comp.Stat. p. 272), which provides:
"8. Jury Trial. If any question, ordinarily determinable at law and requiring jury trial, arise in a suit of which the court of chancery has jurisdiction, a jury trial, if required, may be ordered, but shall be deemed to be waived unless demanded in the pleadings. In case of such demand, if the issue be one requiring a jury trial, the *Page 650 
court shall send such issue of fact to a court of law for trial according to the existing practice.
"But in all cases referred to in this section the court of chancery shall retain the cause until the legal question shall be determined, or until an adequate opportunity to determine the same shall have been given unless justice or the public interest requires a dismissal of the cause. P.L. 1915 ch. 116, p. 185, supplementing P.L. 1902; Comp. Stat. p. 410."
And section 9 (arbitrary sections 33, 122), which provides:
"9. Question of Law to be Determined. Any question, ordinarily determinable at law, arising in a suit of which the court of chancery has jurisdiction, other than a question requiring a jury trial or a determination upon certiorari, mandamus or quowarranto, shall be determined by the court of chancery in that suit. P.L. 1915 ch. 116 p. 186, supplementing P.L. 1902; Comp.Stat. p. 410."
This statute was said by the chancellor to be not declaratory but remedial in In re Ungaro, 88 N.J. Eq. 25.
We have now in the statute an express direction to this court to determine the amount due from the municipality to the contractor, and we have no direction given to this court to send any issue to law unless it "be necessary for the administration of justice in the premises," and we have the provision in the Chancery act that "if any question, ordinarily determinable at law and requiring jury trial, arise in a suit of which the court of chancery has jurisdiction, a jury trial, if required, may be ordered, but shall be deemed to be waived unless demanded in the pleadings." The language of the revision of the Municipal Lien act of 1918 must be construed in the light of the fact that the new Chancery act of 1915 was then in existence, and when the legislature used the language in the Municipal Lien act to the effect that this court is not required to stay the proceedings so that a suit may be brought at law unless it be "necessary for the administration of justice in the premises," it must be contemplated that the legislature assumed that, unless a jury trial should be demanded in the manner pointed out by section 8 of the new Chancery act, it would not be necessary for this court to send any issue to law. *Page 651 
One of the matters which must be settled before payment can be made out of a fund is the amount of the fund, and, by the express language of the Municipal Lien act, the court of chancery is directed to determine the amount due from the municipality to the contractor. But it seems to me that this matter is now settled by Vice-Chancellor Griffin's decision in Waterworks Equipment Co.
v. McGovern, 96 N.J. Eq. 520; affirmed, 98 N.J. Eq. 701, upon the opinion below.
In that case there was a municipal mechanics' lien suit brought by a subcontractor. The municipality counter-claimed against McGovern, its contractor, for damages, and McGovern, the contractor, counter-claimed against the subcontractor, complainant, for damages. The damages in each instance were unliquidated. Vice-Chancellor Griffin held that the counter-claims were improper under Norton v. Sinkhorn, 63 N.J. Eq. 313,320, but that the matter was proper to be set up in the answers, and he held that the court of chancery would determine the subject-matter, although unliquidated damages were involved, and he advised a decree that the municipality be allowed to deduct from the contract price of the contractor the damage which it had sustained by reason of a break in the pipe.
He also considered the claim of the contractor against the subcontractor for damages because of defective work, and held that the contractor had not sustained his claim and advised a decree in favor of the complainant. He said (96 N.J. Eq. 522):
"Prior to the Chancery act of 1915 (P.L. p. 184) the court could not entertain these claims for unliquidated damages [Norton v. Sinkhorn, supra], the court there saying that `the fund should be retained in the court of chancery and the cause allowed to stand over until the defendants shall have their damages arising from the breach of contract by the complainant set out in the answer assessed in a court of law, within such time and in such manner as the court of chancery may direct.' By the act of 1915, page 186, section 8, it is provided as follows: *Page 652 
"`Jury Trial. If any question ordinarily determinable at law and requiring a jury trial arise in a suit of which the court of chancery has jurisdiction, a jury trial, if required, may be ordered, but shall be deemed to be waived unless demanded in the pleadings. In case of such demand, if the issue be one requiring a jury trial, the court will send such issue of fact to a court of law for trial, according to the existing practice.'
"Under the Lien act of 1918, page 1041, section 9, provision is substantially made for staying the suit until the determination of a suit at law, where it is made to appear by the contractor, subcontractor, municipality or other defendant that such party has a valid defense at law which cannot be set up in defense in a court of equity.
"Under both of the foregoing acts it appears that the party desiring the suit stayed must take the affirmative in asking for a reference to a court of law for trial.
"In Renwick v. Hay, 90 N.J. Eq. 148, 157, Vice-Chancellor Lane construed section 8, as well as sections 7 and 9, of the Chancery act of 1915; and in Shaw v. Beaumont Co., 88 N.J. Eq. 333,
Mr. Justice Black, after saying that the court of chancery cannot retain jurisdiction for the purpose of granting a purely legal remedy, or to try a claim for unliquidated damages, said: `The bill of complaint in this suit was filed April 22d 1915. The present Chancery act (P.L. 1915 p. 184 pl. 8), by which a jury trial shall be deemed to be waived, unless demanded in the pleadings, does not apply to this case.' Ibid., pl. 12. The act of 1915 went into effect July 4th, 1915. In the present case no demand was made in the pleadings for a jury trial under the Chancery act of 1915; nor was it made to appear to the court, as required by section 9 of the Lien act, that any party had a valid defense at law which could not be set up in equity; and, in fact, all the parties desired that all of the issues in this cause be determined in this court."
While he says that "* * * in fact, all the parties desired that all of the issues in this cause be determined in this court," that alone would not confer jurisdiction, for *Page 653 
jurisdiction cannot be obtained by consent. The jurisdiction must be there.
Counsel say in their brief that the court has jurisdiction "to try the question of the amount due from the municipality to a contractor, such as in the present case, provided (as it is said in the McGovern Case) all the parties desire that all the issues in this cause be determined in this court." I do not think it makes a particle of difference whether all the parties desire that the issues be determined in the court of chancery or not, if the parties did not take the proper steps under the Chancery act of 1915 to secure a jury trial, as I understand they did not in this case. But even had they taken the proper steps to demand a jury trial under the Chancery act of 1915, I do not think that this court would be obliged to stay the proceedings and to send the issues to law, for, under the Municipal Lien act, it is only obliged so to do "if a party has a valid defense at law to any suit wherein any of the claimants was plaintiff, but which cannot be set up in defense in a court of equity," and if it is"necessary for the administration of justice in the premises."
The statute having directed that this court determine the amount due from the municipality to the contractor, and the class of cases being one over which this court would have ordinary jurisdiction, i.e., an attempt to fasten a lien upon a fund, this court has jurisdiction to determine any question which may arise in the course of the litigation, legal or otherwise, and ordinarily requiring a jury trial or otherwise, if it is necessary to determine such questions that it may make an appropriate decree.
But it is not necessary to go so far as this, for a jury trial was not demanded in accordance with the provisions of the Chancery act of 1915. The result of the affirmance by the court of errors and appeals of this case in 98 N.J. Eq. 701, upon the opinion below, is the adoption by the court of errors and appeals of the language of Vice-Chancellor Griffin in 96 N.J. Eq. 520,
approving what was said by Vice-Chancellor Lane in Renwick v.Hay, 90 N.J. Eq. 148, 157. And see, also, the remarks of Mr. Justice Black in Shaw v. Beaumont *Page 654 Co., 88 N.J. Eq. 333, speaking for the court of errors and appeals, quoted by Vice-Chancellor Griffin in 96 N.J. Eq. 532.
These two cases from the court of errors and appeals (Waterworks Equipment Co. v. McGovern, 96 N.J. Eq. 520;affirmed, 98 N.J. Eq. 701, and Shaw v. Beaumont Co., supra), settle the matter now in issue, I think, for this court. I will, therefore, find that this court has jurisdiction and will hear the case. *Page 655