The bill is to enforce a municipal mechanics' lien upon a fund in the hands of the city of Linden alleged to be due to the Standard Construction Company on a contract to erect a firehouse. The complainant furnished material to the Harco Steel Company, a subcontractor for the structural steel. Linden claims that there is nothing due the general contractor.
The city of Linden awarded a contract to the Standard Construction Company, Incorporated, for the building of the firehouse on its low bid of $59,200. The bid was submitted on one set of plans, the firehouse was built according to another and inferior set, surreptitiously substituted by the architect, resulting in a large saving to the general contractor and a $2,000 bribe to the architect, and a large saving to the structural steel subcontractor, and a $1,500 bribe by it to the architect, the consequence of which is that Linden has a firehouse of the same dimensions and as utilizable as the one it expected to get, but not as substantial nor of the quality it bargained for. The trick of switching the plans took place after all competitive bids on *Page 23 
the genuine set were submitted, and in ignorance of the deception the municipal body of Linden made the award on the false set which was attached to and made a part of the contract. It is not clear that the general contractor and the structural steel subcontractor contrived the fraudulent scheme, but it is perfectly obvious that they conspired with the architect to cheat the city when the opportunity presented itself. They ease their consciences, the general contractor by protesting that restitution was intended, the other, that the illicit gain was offset by additional outlay on the work, but the bribe money is not counted in either excuse.
There can be no lien unless the general contractor has a right of recovery and it is found as a fact that the contract was not substantially performed, and there can be no recovery on the contract. Feeney v. Bardsley, 66 N.J. Law 239. But it is also found as a fact that the city of Linden accepted the building, fitted it up as a firehouse and has been using it for the purposes for which it was intended. In such circumstances there may be a recovery on the quantum meruit (Bozarth v. Dudley,44 N.J. Law 304), and the statutory lien attaches to the fund realized on the implied contract.
There was direction by the governing body of the city to the fire department, just before a ceremonial opening to public inspection and a formal taking over of the firehouse, not to accept the building, but that was merely a protective measure to forestall a claim of acknowledgment of the performance of the contract.
All but $9,937 of the contract price was paid to the general contractor in installment payments on the architect's certificate, certified under the oath of its president who falsely swore that a bonus was not paid to anybody. The measure of the right of recovery under quantum meruit is the contract price deducting therefrom as much as the house is worth less on account of the variations from the contract. Dermott v. Jones,69 U.S. 1. *Page 24 
Determinative, however, of the present issue, that there is no lienable fund either under the contract or on the quantummeruit, is the fact, as found, that the savings to the contractor by reason of the stinting in quality and quantity of material and workmanship exceed the balance of the contract price, and by the sum of the savings is partly measured the diminution in value of the structure. The general contractor admits a saving of $1,700 on certain items. As to others: There is reliable testimony that out of an estimated total of seventy tons of structural steel there was a shortage of twenty-eight and a half tons, in value, $2,996.65. There was a saving on face brick of $1,200; on inferior electric doors, $1,300; Kalamein doors, $522; and window screens not furnished, $885. This enumeration, a total of $8,603.65, does not include thirty-four items upon which there was a saving of $2,771.69. A grand total of $11,375.34. All the items are allowed. The conspirators attempted to minimize them, but scant credit can be given their word. The savings to the contractors is only part of the city's loss. As a result of the skimping it has an inferior structure and for remedy it has an action in damage for breach of contract and for a recovery of money unlawfully abstracted.
The city, by counter-claim, seeks a recovery from the general contractor and the surety company for breach of the contract. These proceedings are strictly statutory, in rem, to enforce a lien, and are spent upon decreeing or denying liens. WaterworksEquipment Co. v. McGovern, 96 N.J. Eq. 520; Commonwealth QuarryCo. v. Gougherty, 105 N.J. Eq. 642. The bill will be dismissed. *Page 25